1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE L. MURPHY, | ) 1:05-cv-00186-AWI-TAG HC |
| | ) |
| Petitioner, | ) ORDER TO AMEND PETITION |
| | ) (Doc. 1) |
| v. | ) |
| | ) ORDER DIRECTING CLERK OF COURT TO |
| | ) SEND PETITIONER BLANK FORM |
| D.L.RUNNELS, | ) PETITION |
| | ) |
| Respondent. | ) ORDER DENYING REQUEST FOR |
| | ) APPOINTMENT OF COUNSEL (Doc. 1) |

ORDER DENYING EX PARTE MOTION FOR
LIBERAL CONSTRUCTION (Doc. 1)

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant petition was filed on February 9, 2005.  (Doc. 1).  The Petition purports to raise three grounds for relief: (1) ineffective assistance of trial counsel in failing to raise certain objections to evidence, not making certain motions at trial, and mistakes made during jury selection; (2) Petitioner's sentence of 39 years to life constitutes cruel and unusual punishment under the 8th Amendment; and (3) ineffective assistance of appellate counsel in failing to find and raise any appellate issues.  (Id.).

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

1

plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules governing § 2254 Cases.  Because it appears that Petitioner may have filed the instant Petition beyond the one-year statute of limitations provided for in 28 U.S.C. § 2244(d)(1), and because Petitioner has not filled out the form petition but instead has simply attached numerous documents to an essentially blank petition, the Court cannot proceed with the original Petition; therefore, Petitioner must file an amended petition that conforms to the requirements of the law.

A. <u>Statute of Limitations For Filing A Habeas Corpus Petition</u>.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  As the instant petition was filed on November 7, 2003, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-

1    conviction or other collateral review with respect to the pertinent judgment or
2    claim is pending shall not be counted toward any period of limitation under this
     subsection.

3    28 U.S.C. § 2244(d).

4         In most cases, the limitation period begins running on the date that the petitioner's direct

5    review became final.  The AEDPA, however, is silent on how the one year limitation period

6    affects cases where direct review concluded *before* the enactment of the AEDPA.  The Ninth

7    Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed

8    a habeas corpus petition within one year of the AEDPA's enactment, the Court should not

9    dismiss the petition pursuant to § 2244(d)(1).  Calderon v. United States Dist. Court (Beeler),

10   128 F.3d 1283,1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998);  Calderon v. United States

11   Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998).   In such

12   circumstances, the limitations period would begin to run on April 25, 1996.  Patterson v. Stewart,

13   2001 WL 575465 (9th Cir. Ariz.).

14        In this case, Petitioner was convicted on September 30, 1999.  (Doc. 1, p. 2).  Thereafter,

15   Petitioner sought review in the California Court of Appeal, which affirmed his conviction on

16   October 17, 2000.  (Id.).  Petitioner did not seek review in the California Supreme Court in his

17   direct appeal.  Instead, he filed a habeas corpus petition which was denied by the California

18   Supreme Court on November 12, 2003.  (Id.).

19        The one-year statute of limitations commences when the state judgment becomes "final."

20   28 U.S.C. § 2244(d)(2).  If a petitioner does not seek review of the intermediate state appellate

21   court's opinion, the judgment becomes final on the expiration of the time for seeking direct

22   review to the state's highest court; in California, a conviction becomes final forty days after the

23   California Court of Appeal files its opinion.  See Cal. Rules of Court, rules 24(b), 28(e); Cal.Civ.

24   Proc. Code § 12a; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  The limitations period is not

25   tolled pending issuance of the remittitur.  Wixom v. Washington, 264 F.3d 894, 897 (9th Cir.

26   2001).  Moreover, the ninety-day period for filing certiorari with the United States Supreme

27   Court is not available if the petitioner fails to seek review on direct appeal to the California

28   Supreme Court.  Smith, 297 F.3d 809.   Thus, in the instant case, Petitioner's direct appeal

1  became final forty days after the Court of Appeal filed its October 17, 2000 opinion, or on

2  November 28, 2000.   Absent applicable statutory tolling, the one-year statute of limitations

3  would therefore have expired on November 28, 2001.

4       Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

5  application for State post-conviction or other collateral review with respect to the pertinent

6  judgment or claim is pending shall not be counted toward" the one year limitation period.  28

7  U.S.C. § 2244(d)(2).  In this case, it appears that Petitioner may have filed his state habeas

8  proceedings well beyond the one-year statute of limitations.  Although Petitioner does not

9  indicate in his Petition when he filed his habeas petition in the California Supreme Court, he does

10  state that the petition was denied on November 12, 2003.  (Id.).

11      California Supreme Court records indicate that Petitioner filed his state habeas petition on

12  March 21, 2003.  This date is almost two and one-half years *after* his state direct appeal became

13  final on November 28, 2000, and, hence, almost one and one-half years *after* November 28,

14  2001, the date the one-year statute of limitations would have expired to file a federal habeas

15  corpus petition.  Thus, it appears that the instant Petition is untimely.

16      However, this information could be incorrect.  If it is incorrect, in the amended petition

17  Petitioner should provide information to explain whether this information is incorrect and

18  whether state habeas corpus proceedings about which the Court is unaware were pending during

19  the period from November 28, 2000 until March 21, 2003.

20      B.  Filling Out the Form Petition.

21      A federal court may only grant a petition for writ of habeas corpus if a petitioner can

22  show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254 (a).  A

23  petition for writ of habeas corpus must therefore specify the grounds for relief.  Rule 2(c) of the

24  Rules Governing § 2254 Cases.  The petition must also allege the facts surrounding the

25  petitioner's incarceration.  28 U.S.C. § 2242.  The petitioner must make specific factual

26  allegations that would entitle him to habeas corpus relief if they are true.  O'Bremski v. Maass,

27  915 F.2d 418, 420 (9th Cir. 1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir. 1989).

28  ///

4

1    In addition, a petition presented in *pro se* must be upon the form approved by the court.

2    Rule 2 of the Rules Governing § 2254 Cases; Local Rule 81-190.  This rule ensures that all

3    information needed is before the court.  Each ground for relief must be clearly stated and allege

4    what federal constitutional violation has occurred, along with providing facts that support the

5    grounds for relief.  If a petition contains no grounds entitling the petitioner to habeas corpus

6    relief, the court must dismiss the petition.  Rule 4 of the Rules Governing § 2254 Cases.

7    Here, Petitioner has filed a form petition that is incomplete.  The form petition, as filed,

8    contains only the briefest titles for the grounds alleged with no explanatory facts or law cited in

9    the form petition at all.  Instead, Petitioner refers the reader to voluminous attached documents.

10   A petitioner may submit attachments or exhibits to the petition; however, ***the form itself must be***

11   ***completed in its entirety***.  The Court stresses the impropriety of filing a petition that simply

12   makes reference to an attachment containing a numerous pages.  This type of filing requires the

13   Court to expend a significant amount of time attempting to determine what Petitioner's claims are

14   and whether he provides sufficient facts to support them.  Such information can be provided in a

15   brief manner by completing the form petition and submitting a short brief in support of the

16   Petition.  ***A blank petition containing only a reference to the attached materials, however, is***

17   ***insufficient***.

18   Should the space provided on the form be inadequate to list more than four claims, a

19   petitioner should clearly list the claims on a separate sheet of paper and submit it with the

20   petition.  However, the Court will not accept a simple reference to a lengthy attachment of many

21   pages as adequate to state a petitioner's claims and supporting facts.  It is unreasonable to expect

22   the Court to take on such a task when the responsibility to inform the Court lies solely with

23   Petitioner.[1]   Also, the proper use of the form petition results in administrative convenience of

24   benefit to both the petitioner and the Court.

25   ///

26   ///

27

28       [1]Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.

5

C.  <u>Request for Appointment of Counsel</u>.

There currently exists no absolute right to appointment of counsel in habeas proceedings.

<u>See</u>, <u>e.g.</u>, <u>Anderson v. Heinze</u>, 258 F.2d 479, 481 (9th Cir.), <em>cert. denied</em>, 358 U.S. 889 (1958);

<u>Mitchell v. Wyrick</u>, 727 F.2d 773 (8th Cir.), <em>cert. denied,</em> 469 U.S. 823 (1984). Title 18 U.S.C. §

3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice

so require." <u>See</u>, Rule 8(c), Rules Governing Section 2254 Cases.  In the instant case, the Court

does not find that the interests of justice would be served by the appointment of counsel at the

present time.  Accordingly, the Petitioner's request for appointment of counsel is DENIED.

D.  <u>Ex Parte Motion for Liberal Construction</u>.

The Court always liberally construes documents filed by pro se litigants.  Hence, the

instant motion for liberal construction is both redundant and unnecessary.  The Court will accord

Petitioner the same treatment it accords all pro se litigants.  Accordingly, the motion will be

DENIED.

Accordingly, it is HEREBY ORDERED:

1.      Petitioner SHALL AMEND THE PETITION by properly filling out the form

petition **in its entirety** and including information that would establish whether

Petitioner is in violation of the one-year statute of limitations contained in 28

U.S.C. § 2244(d)(1), within thirty (30) days of the date of service of this order.

The amended petition should be clearly and boldly titled "AMENDED

PETITION," contain the appropriate case number, and be an original **signed**

**under penalty of perjury**.  Petitioner should also note that every pleading to

which an amendment is permitted **must be retyped or rewritten and filed so**

**that it is complete in itself without reference to the prior or superseded**

6

1    **pleading**.  Local Rule 15-220.

2    2.    The Clerk of Court is DIRECTED to send Petitioner a blank form petition for

3          federal prisoners filing pursuant to § 2254;

4
5    3.    Petitioner's request for appointment of counsel (Doc. 1), is DENIED; and

6    4.    Petitioner's ex parte motion for liberal construction (Doc. 1), is DENIED.

7          Petitioner is forewarned that his failure to comply with this order may result in a

8    recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

9
10
11   IT IS SO ORDERED.

12   **Dated:    May 12, 2005**              **/s/ Theresa A. Goldner**
     j6eb3d                                UNITED STATES MAGISTRATE JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28